ILIFF ET AL. v. CAVEY, ADMRX.

RISK ASSUMED BY SERVANT DISREGARDING WARNING AS MASTER HAVING ORDERED.

A servant away from the place where he is at work, giving as the reason therefor that he is afraid a wall will fall on him, and the servant disregards the order and continues his work without changing his position, and the wall falls and he is killed, an action for damages for wrongful death against the master should be taken from the jury on the ground that the risk was assumed.

**Keam & Keam,** for plaintiff in error.
**T. L. Michie** and **W. W. Symmes,** for defendant in error.

GIFFEN, J.

The negligence charged in the petition is the failure of the defendants to furnish the plaintiff's intestate a safe place to work; that the defendants knew and plaintiff's intestate did not know the dangerous condition of the brick wall which afterwards fell upon and killed him.

The undisputed facts disclosed by the record are that about fifteen or twenty minutes before the accident occurred one of the defendants discovered the dangerous condition of the brick wall near which the workmen, including plaintiff's intestate, were engaged; that he so informed them and ordered them away to a safe place; that two of the workmen—the deceased and one Bradley—disobeyed the order, the latter willfully and the former apparently so; that the deceased in the full possession of his sense of hearing must have heard the order, and had abundant time and opportunity to obey the same.

It is clear, therefore, that the deceased with full knowledge of the danger, and against the order of one of the defendants, voluntarily assumed the risk, and the court erred in overruling the motion of the defendants at the conclusion of the evidence to arrest the case from the jury.

It necessarily follows that the judgment must be reversed, and judgment rendered for the plaintiffs in error. *Davis* v. *Somers-Cambridge Co.* 75 Ohio St. 215 [79 N. E. Rep. 233].

**Swing** and **Smith, JJ.,** concur.

Iliff v. Cavey.

### REHEARING.

Our conclusion, after a careful consideration of the whole testimony, upon a motion for a rehearing, is that there is no testimony tending to prove that the deceased had no knowledge of the dangerous condition of the brick wall; but on the contrary it does appeal that he was warned by the defendants in ample time to avoid injury.

The witness, Lee, was not, and could not have been present when the warning was given, and does not pretend that the defendant, Charles E. Iliff, while standing on the sidewalk, saw or was looking at the deceased while in a place of peril after the warning was given.

We are constrained, therefore, to overrule the motion for a rehearing, and to adhere to our former decision.

---

## RECEIVERS—MORTGAGE.

[Hamilton (1st) Circuit Court.]

Swing, Giffen and Smith, JJ.

